UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


David P. Benschoter,

                    Plaintiff,

      v.

Board of Trustees, Iron
Workers Pension Plan, Local
No. 55, et. al.,

                    Defendants.

Case No. 3:13-cv-02698

MEMORANDUM
OPINION & ORDER

## I. INTRODUCTION

Before me is the motion of Defendant Board of Trustees, Iron Workers Pension Plan, Local No. 55 (the "Trustees") to dismiss Plaintiff David P. Benschoter's complaint pursuant to Rule 12(b)(6). (Doc. No. 19). The parties have completed briefing and, for the reasons stated below, the Trustees' motion is granted in part and denied in part.

## II. BACKGROUND

The Trustees are the plan administrator of a defined benefit plan (the "Plan") that provides employee pensions to participants within the meaning of 29 U.S.C. §§ 1002(2) and (3). (Doc. No. 14 at 2). Benschoter is a Plan participant by virtue of having been a member of Iron Workers Local 55. (Id. at 2). Benschoter applied for a single sum severance benefit from the Plan on January 14, 2013. (Id. at 2). At the time of Benschoter's application he was working as a bridge mechanic for the City of Toledo. (Id. at 3).

The Plan offers qualified Participants who experience a Termination of Employment the option to receive a Severance Benefit. (Doc. No. 1-1 at 24-26). Under the plan, "[a] Termination of Employment shall take place on the first anniversary of the date upon which a Participant last had one Hour of Service." (Id. at 7). An "Hour of Service" includes each hour an Employee is entitled to payment by an Employer. (Id. at 4). An "Employer" is an entity bound by a collective bargaining agreement to contribute to the Plan. (Id. at 3-4). The Trustees "have full discretionary authority to determine eligibility for benefits, interpret plan documents, and determine the amount of benefits due." (Id. at 48).

On February 4, 2013, the Trustees denied Benschoter's request for severance benefits on the grounds that he was "performing bargaining unit work," which they assert precluded his claim under Plan §§ 10.1, 1.21, and 1.11. (Doc. No. 1-3 at 1). The Trustees also denied Benschoter's subsequent appeal for the same reasons. (Doc. No. 1-5 at 1). Benschoter's request for additional information regarding the denial of his claim proved unfruitful. (Doc. No. 14 at 3-4). Benschoter seeks relief on three claims: (1) recovery of plan benefits under 29 U.S.C. § 1132(a)(1)(B); (2) refusal to provide requested information under 29 U.S.C. § 1132(A)(1)(a); and (3) equitable estoppel. (Doc. No. 14). The Trustees have moved to dismiss Benschoter's complaint on the ground that he fails to state a claim upon which relief may be granted. (Doc. No. 19).

### III.   STANDARD

Rule 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the

2

assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts, when accepted as true, to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requiring the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, I am cognizant that Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir. 2008). I "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### IV. ANALYSIS

#### A. COUNT I: TRUSTEES' DENIAL WAS ARBITRARY AND CAPRICIOUS

When, as here, a benefit plan grants the plan administrator discretionary authority to interpret the plan, I may reject the plan administrator's decision only if that decision was arbitrary and capricious. *Borda v. Hardy, Lewis, Pollard & Page, P.C.*, 138 F.3d 1062, 1066 (6th Cir. 1998)

(quoting *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir. 1991)).  If the evidence establishes a "reasoned explanation" for the administrator's decision, the outcome is not arbitrary or capricious.  *Davis v. Ky. Fin. Cos. Ret. Plan*, 887 F.2d 689, 693 (6th Cir. 1989) (quoting *Pokratz v. Jones Dairy Farm*, 771 F.2d 206, 209 (7th Cir. 1985)).  A plan administrator's decision is entitled to judicial deference when its decision is "the result of a deliberate, principled reasoning process and if it is supported by substantial evidence."  *Baker v. United Mine Workers Health & Ret. Funds*, 929 F.2d 1140, 1144 (6th Cir. 1991).  "Evidence is considered substantial if it is adequate, in a reasonable mind, to uphold the decision."  *Electric Workers Local 58 Pension Trust Fund v. Gary's Elec. Serv. Co.*, 227 F.3d 646, 652 (6th Cir. 2000) (quoting *Turnbull Cone Baking Co. of Tenn. v. NLRB*, 778 F.2d 292, 295 (6th Cir. 1985)).  My role is not to "rubber-stamp the administrator's decision," *Jones v. Metro. Life Ins. Co.*, 385 F.3d 654, 661 (6th Cir. 2004), but to exercise review powers, always mindful of the conflict of interest inherent in the Plan's dual role as insurer.  *Peruzzi v. Summa Med. Plan*, 137 F.3d 431, 433 (6th Cir. 1998).

The Trustees argue Benschoter's claim is meritless because the decision to deny Benschoter's request was based on a reasoned explanation that he was conducting "bargaining unit work," which the Plan prohibits.  Plaintiff contends the Trustees' decision was arbitrary and capricious because (1) "bargaining unit work" is undefined by the Plan; (2) the Trustees failed to evaluate whether Benschoter was actually participating in "bargaining unit work"; and (3) in any case, whatever constitutes "bargaining unit work," the Trustees have granted severance benefits to other Bridge Mechanics and the Trustees' denial of Plaintiff's benefits in this instance is arbitrary and capricious.

Defendant cites the Sixth Circuit's decision in *Morgan v. SKF USA, Inc.,* in support of its argument I must accept its determination provided it is at least "equally rational" to Benschoter's desired determination.  385 F.3d 989, 992 (6th Cir. 2004).  The parties agree the crux of their dispute is the definition of "bargaining unit work," a term that does not appear in Plan documents.  In

4

*Morgan*, as here, the parties disputed the meaning of a dispositive term, "layoff," and one undefined by the plan. In denying Morgan's claim for benefits, Defendant SKF USA articulated the steps it took to define the term: first, according the terms their plain meaning and second, looking to the CBA to consider whether the undefined term had special meaning. *Id.* at 991. Additionally, case law directly on point supported the plan administrator's interpretation. *Id.* at 993 (citing *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 287 n.11 (1946) (defining the term "Layoff")).

As *Morgan* illustrates, a plan administrator has full discretion in interpreting the terms of the plan, provided they exist in the plan to begin with. Because the Trustees' sole rationale for denying Benschoter's claim is its utilization and definition of a term that does not exist in the Plan or in case law, I conclude Benschoter has stated a plausible claim for relief. The Trustees' motion to dismiss on Count I is denied.

### B. COUNT II: TRUSTEES FAILED TO PROVIDE REQUESTED INFORMATION

Benschoter asserts: (1) Defendants had a duty under § 1133 and corresponding federal regulations to provide him with information relevant to his determination of benefits; and (2) Defendants' failure or refusal to provide that information constitutes a violation of § 1132. The Sixth Circuit has held "a violation of section 1133 by the plan administrator does not impose liability on the plan administrator pursuant to section 1132(c), because duties of the "plan" as stated in section 1133 are not duties of the "plan administrator" as articulated in section 1132(c)." *Vanderklok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 618 (6th Cir. 1992) (quoting *Groves v. Modified Retirement Plan*, 803 F.2d 109, 116 (3rd Cir. 1986)). Even if the Plan failed to provide Benschoter with information under § 1133, the Trustees cannot be held liable under § 1132(a)(1)(A) for that failure. Defendant's motion to dismiss on Count II is granted.

### C. COUNT III: TRUSTEES ARE ESTOPPED FROM DENYING PLAINTIFF'S CLAIM

The Sixth Circuit recognizes, in very limited circumstances, federal common law estoppel claims in pension and welfare benefit disputes under ERISA. To state an estoppel claim, Benschoter must plead: (1) conduct or language amounting to a representation of material fact; (2) awareness of the true facts by the plan administrator; (3) an intention on the part of the plan administrator that Benschoter act on its representation, or conduct which would give Benschoter a right to believe that its conduct is so intended; (4) his lack of awareness of the true facts; and (5) his detrimental and justifiable reliance. *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1298 (6th Cir. 1991).

Benschoter asserts the Trustees' misrepresentations arose in "actions, conduct or inaction," "inconsistent determinations and decisions," the Plan's allowance that he "make a withdrawal from his annuity account," and a "longstanding practice and policy of treating Bridge Mechanic workers as not performing disqualifying work." (Doc. No. 14 at 3, 6-7). He fails to identify, however, any factual allegations to show the Trustees knew bridge mechanics were not eligible to receive severance benefits under the Plan but awarded those benefits to other individuals anyway, or that the Trustees intended to deceive him or were grossly negligent in disregarding the risk he would be deceived by the Trustees' actions. *Bloemker v. Laborers' Local 265 Pension Fund*, 605 F.3d 436, 443 (6th Cir. 2010) (awareness of true facts element "requires the plaintiff to demonstrate the defendant's actions 'contained[ed] an element of fraud, either intended deception or such gross negligence as to amount to constructive fraud'" (quoting *Crosby v. Rohm & Haas Co.*, 480 F.3d 423, 431 (6th Cir. 2007))). Benschoter's implication that the Trustees knowingly granted severance benefits to ineligible Plan participants with the intention that he and other Plan participants rely on that conduct fails to meet the *Twombly / Iqbal* plausibility standard. Benschoter has not pled the threshold requirements to reach an estoppel claim under *Bloemker* and the Trustees' motion to dismiss his estoppel claim is granted.

## IV. CONCLUSION

For the reasons stated above, the Trustees' motion to dismiss, (Doc. No. 19), is granted as to Counts 2 and 3 of Benschoter's complaint and denied as to Count 1.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
